SARKIS ADZHI-AKOPYAN'S CASE. December 10, 1991. *Workers' Compensation Act,* Average weekly wages. *Words,* "Average weekly wage."

This case is strikingly similar to *Borofsky's Case, ante* 379 (1991), also decided today, to the extent that it questions whether the term "average weekly wage," as used in G. L. c. 152 (1990 ed.), the workers' compensation law, includes the value of employer-paid medical insurance. Unlike *Borofsky's Case,* the employer in this case was obligated to pay the cost of employees' medical insurance under a collective bargaining agreement. This is the only difference between the cases.

For all the reasons supporting the exclusion of the value of health insurance in *Borofsky's Case,* we hold that the value of health insurance should be excluded from the calculation of the average weekly wage in the present case.

The decision of the reviewing board of the Department of Industrial Accidents is affirmed.

*So ordered.*

*S. Joseph MacLellan* for the insurer.

*Laurence S. Locke* for the employee.

ROBERT F. SOWELL *vs.* ANDREW P. QUIGLEY, JR. January 6, 1992. *Clerk of Court.*

This is an appeal from a judgment of a single justice of this court denying a petition brought under G. L. c. 221, § 31 (1990 ed.).[1] We affirm.

There is nothing in § 31 which lends itself to the relief sought by the plaintiff, who complains that the defendant assumed authority to act on his motions without ever submitting them for action by a Justice of the Appeals Court.

*Judgment affirmed.*

The plaintiff, pro se, submitted a brief.

---

[1]General Laws c. 221, § 31 (1990 ed.), provides: "The two preceding sections ['Records; duty of justices to inspect'; 'Forfeiture of bond'] shall not exempt a clerk or assistant clerk from an action for any other breach of the condition of his bond or from his liability in any other way or to any party for neglect or misconduct in his office."